Angel CABALLERO Jr.,
Plaintiff–Appellant,

v.

John J. ARMSTRONG, Commissioner, I/O; Jack Tokarz, Deputy Commissioner I/O; Larry Myers, Lead Warden, I/O; Peter Matos, Deputy Commissioner, I/O; Thomas Coates, I/O Capacity; Michael Lajoie, I/O Capacity, Defendants–Appellees.

Patrick Hynes, MD, I/O, Defendant.

No. 04–4525.

United States Court of Appeals, Second Circuit.

April 28, 2005.

(On submission) Angel Caballero Jr., Somers, CT, for Appellant.

(On submission) Richard Blumenthal, Attorney General of the State of Connecticut, Ann E. Lynch, Assistant Attorney General, Hartford, CT, for Appellees.

---

* The Honorable Richard J. Holwell, District Judge, United States District Court for the Southern District of New York, sitting by designation.

**528**

Present: KEARSE, JACOBS, and CALABRESI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

Angel Caballero Jr. appeals a July 12, 2004 judgment of the United States District Court for the District of Connecticut (Hall, *J.*), granting the appellees' motion to dismiss Caballero's 42 U.S.C. § 1983 claim. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

The only issue pressed on this appeal (and thereby preserved), is whether the district court erred in dismissing Caballero's claim that the appellees violated his Eighth Amendment rights by requiring that he exercise in full restraints. However, Caballero previously litigated this issue in state court, and lost. *See Caballero v. Warden,* No. 00–cv–3178, 2003 WL 139524, at *3 (Conn.Super.Ct. Jan. 2, 2003) ("[T]his court concludes that the petitioner has failed to show that the restraints applied by the respondent to the petitioner during his recreation violate the constitutional prohibition against cruel and unusual punishment."). Caballero did not appeal the relevant state court ruling.

The district court correctly held that Caballero's current claim is barred by the doctrine of collateral estoppel. *See Purdy v. Zeldes,* 337 F.3d 253, 258 (2d Cir.2003) ("The doctrine of collateral estoppel prevents a plaintiff from relitigating in a subsequent proceeding an issue of fact or law that was fully and fairly litigated in a prior proceeding.") (citing *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 288 (2d Cir. 2002)).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**